UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  No.: 16-134

MICHAEL PORTIS
                                        SECTION: "J"(4)

## ORDER AND REASONS

### NATURE OF MOTION AND RELIEF REQUESTED

Before the Court is a *Motion for Daubert Hearing on the Introduction of Results of Polygraph Examination* **(Rec. Doc. 79)** filed by defendant, Michael Portis, and an opposition thereto (Rec. Doc. 81) filed by the United States of America. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation derives from an alleged carjacking. The Government contends that on April 24, 2016, Michael Portis and his co-defendant, Rodney Brown, took a 2005 Hyundai Santa Fe crossover vehicle from the person or presence of two individuals by force, violence, and intimidation. Based on these allegations, a grand jury returned an indictment charging Portis and Brown with carjacking, in violation of 18 U.S.C. § 2119(1) and (2), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(C)(1)(A)(ii) and (2).

Portis was also charged as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

Unbeknownst to the Government, Portis submitted to a polygraph examination on June 30, 2017, regarding his alleged involvement in the carjacking. During the examination, Portis responded that he neither stole the Hyundai Santa Fe vehicle from the two victims nor participated in the theft. According to the examiner, Portis' responses were "not indicative of deception." On December 26, 2017, Portis filed the instant *Motion for a Daubert Hearing on the Introduction of Results of Polygraph Examination* seeking to introduce the results of the examination as proof of his innocence. The Government opposes the motion on two grounds. First, the Government contends that the Court should exclude the results under *Daubert* and Rule 702. Further, the Government argues that the evidence should be excluded under Rule 403 because its probative value is outweighed by its prejudicial effect. The motion is now before the Court on the briefs and without oral argument.

## DISCUSSION

Defendant moves the Court to conduct a *Daubert* hearing to determine the admissibility of the results of his polygraph examination. In accordance with *United States v. Posado*, 57 F.3d 428, 432-36 (5th Cir. 1995), courts in the Fifth Circuit adhere to a three-part test to determine whether proffered polygraph

evidence is admissible. *See Ulmer v. State Farm Fire & Casualty Co.*, 897 F. Supp. 299, 301 (W.D. La. September 13, 1995). Under this approach, the court must first determine whether the evidence possesses "sufficient evidentiary reliability to be admissible as 'scientific, technical, or other specialized knowledge.'" *Posado*, 57 F.3d at 432 (*quoting Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (U.S. 1995)). "Evidentiary reliability, or trustworthiness, is demonstrated by a showing that the knowledge offered is more than speculative belief or unsupported speculation." *Posado*, 57 F.3d at 432 (internal citations omitted). Certainty is not required, but the knowledge asserted must be based on "good grounds." *Id.* For scientific knowledge, there should be proof that the principle supports what it purports to show, i.e. that it is valid. *Id.* Next, the court must decide whether the "proffered evidence is relevant in the sense that it will 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Id.* (*citing Daubert,* 509 U.S. at 588). Finally, the court must subject the proffered evidence to the Rule 403 balancing test, which allows a court to exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *See* Fed. Rule Evid. Rule 403; *see also Posado*, 57 F.3d at 434.

Regarding the first prong, the Court has serious reservations about the validity and reliability of polygraph evidence, particularly when such evidence is south to be introduced in a criminal jury trial. Polygraph examinations attempt to determine a person's veracity by monitoring physiological changes in the subject's behavior. Importantly, a polygraph examination does not directly measure deception; rather, it simply tests the body's response when certain questions are asked. Examiners then infer, based on these physiological changes, whether the subject responded truthfully. According to the American Psychological Association, "there is no evidence that any pattern of physiological reactions is unique to deception."[1] Because "[a]n honest person may be nervous when answering truthfully and a dishonest person may be non-anxious," it is essentially impossible to know what the actual truth is.[2] In light of this, most psychologists and other scientists agree that there is little basis for the validity of polygraph tests. *See* Leonard Saxe & Gershon Ben-Shakhar, *Admissibility of Polygraph Tests: The Application of Scientific Standards Post-Daubert*, Psychology Public Policy and Law, March 1999, at 5.[3]

---

[1]American Psychological Association, http://www.apa.org/research/action/polygraph.aspx, (Aug. 5, 2004).
[2] *Id.*
[3] The inherent unreliability of polygraph evidence is further underscored by the defense's lack of authority in support of

4

However, assuming *arguendo* that the polygraph examination is both relevant and reliable under *Daubert* and Rule 702, the Court is not convinced that the evidence passes the gatekeeping function of Rule 403. In *Posado*, the Fifth Circuit held that the district court erred in applying a *per se* rule to exclude the results of a polygraph examination passed by the defendant. *Posado*, 57 F.3d at 436. In dispensing with its former rule barring the admission of such evidence, the Fifth Circuit discussed the need for Rule 403 to assume an "enhanced role" in its newly-crafted three-part test. *Id.* at 435. Although the court ultimately remanded the case for the district court to rule on admissibility, the court identified factors which it reasoned could potentially counterbalance the evidence's prejudicial effect under Rule 403. *Id.* at 435-36. Of particular importance to the court were the circumstances surrounding the polygraph examination, and the occasion and forum in which the party sought to introduce the evidence. *Id.* at 435; *see also Ulmer*, 897 F. Supp. at 302. Regarding the former, the court observed that the prosecution was contacted before the tests were conducted, had the opportunity to participate in the exams, and offered to stipulate to any limited use for the evidence. *Posado*, 57 F.3d at 435 ("In such a case,

---

admitting such evidence. In fact, the defense has failed to direct the Court to a single case within this Circuit where polygraph evidence has been admitted in a federal criminal jury trial.

5

both parties have a risk in the outcome of the polygraph examination, simultaneously reducing the possibility of unfair prejudice and increasing reliability."). As for the latter, the court noted that the evidence was offered at a pre-trial hearing and reasoned, "[a] district court judge is much less likely than a lay jury to be intimidated by claims of scientific validity into assigning an inappropriate evidentiary value to polygraph evidence." *Id.*

Courts in this Circuit have referred to the absence of the aforementioned "safeguards" in concluding that the results of unilaterally-administered polygraph examinations are inadmissible before a jury. *See, e.g, United States v. Pettigrew*, 77 F.3d 1500, 1515 (5th Cir. 1996); *United States v. Dominguez*, 902 F. Supp. 737, 739-40 (S.D. Tex. October 27, 1995); *United States v. Valas*, No. SA-13-CR-806(4), 2014 WL 12676188, * 4 (W.D. Tex. October 27, 2014). For example, at issue in *United States v. Pettigrew*, was whether a district court erred in excluding polygraph evidence without first conducting a *Daubert* hearing. 77 F.3d at 1515. The court reasoned that a *Daubert* hearing was not necessary because the evidence was not relevant and, alternatively, because the evidence was inadmissible under Rule 403. *Id.* Applying Rule 403, the court pointedly observed that the "polygraph examination was administered by an expert selected by the defense apparently without the participation of the government, and the defense wished

to present th[e] evidence before a jury." *Id.* Finding none of the "safeguards" present in *Posado*, the Fifth Circuit affirmed the district court's decision to exclude the evidence. *Id.* ("[E]ven if the evidence offered by Pettigrew survived the Rule 702 inquiry, the potential for prejudice created by such evidence is high in the absence of appropriate safeguards.").

Among other considerations, the polygraph examination in this case was conducted in circumstances virtually identical to those present in *Pettigrew*—the test was administered by an expert solely selected by the defendant and without the Government's participation. In fact, because the Government was not advised about the test until *after* the defense received the results, the defense denied the Government any opportunity to meaningfully take part in the preparation or execution of the exam whatsoever. Moreover, as seen in *Pettigrew*, the defense seeks to admit the results of the polygraph examination, not at pre-trial hearing before a judge, but at trial before a jury. "While these factors may not always be conclusive, the absence of these or other similar safeguards certainly weighs most heavily against the admission of polygraph evidence." *Pettigrew*, 77 F.3d at 1515. In sum, because the circumstances surrounding the proffered polygraph results are void of any of the appropriate safeguards, the Court concludes that the prejudicial effect of the evidence substantially outweighs its probative value.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's *Motion for Daubert Hearing on the Introduction of Results of Polygraph Examination* **(Rec. Doc. 79)** is **DENIED**. The proffered polygraph evidence will be excluded at trial.

New Orleans, Louisiana this 17th day of January, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE