UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | No.: 16-134 |
| MICHAEL PORTIS | SECTION: "J" (4) |

## ORDER & REASONS

Before the Court is *Motion to Vacate Under 28 U.S.C. 2255* **(Rec. Doc. 138)** filed by Defendant, Michael Portis, ("Portis") and an opposition filed by the Government (Rec. Doc. 139). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On July 21, 2016 a federal grand jury returned a three count indictment against Portis and his co-defendant charging them with 1)aiding and abetting carjacking in violation of Title 18, United States Code, Sections 2119(1) and 2, 2)aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, the aforementioned carjacking, in violation of Title 18, United States Code Sections 924(C)(1)(A)(ii) and 3)possessing a firearm as a felon in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

On February 1, 2018, Portis plead guilty to Count 2, brandishing a firearm during and in relation to a crime of violence. On May 17, 2018 Portis was sentenced by this Court to 120 months imprisonment.

**LEGAL STANDARD**

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases upon which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. Id. After reviewing

2

the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Petitioner's *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.").

## DISCUSSION

Portis argues that his sentence is unconstitutional in light of the Supreme Court's recent decision in *United States v. Davis*. 139 S. Ct. 2319 (June 24, 2019). In *Davis*, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), known as the residual clause, was unconstitutionally vague. *Id.* Thus, Portis contends that his sentencing for brandishing a firearm during a crime of violence is unconstitutional, because such a sentence necessarily requires defining the term "crime of violence." Portis is only correct if the residual clause of Section 924(c)(3)(B) was in fact the provision used to define his carjacking offense as a crime

of violence. The other possibility is carjacking is defined as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), known as the elements clause. Whereas the constitutionality of Section 924(c)(3)(B) has been in doubt for some time, there exists no such uncertainty about the validity of Section 924(c)(3)(A). *See United States v. Jones*, 854 F.3d 737, 740 (5th. Cir. 2017).

The key determination, then, is whether a Section 2119 carjacking is deemed a crime of violence under Section 924(c)(3)(A) or Section 924(c)(3)(B). A review of precedent in the Fifth Circuit makes clear that "carjacking fits under the definition set forth in § 924(c)(3)(A)—it has an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* In *Jones*, the court noted that both the Fourth and Eleventh Circuits have similarly held carjacking to be a crime of violence under the elements clause as opposed to the residual clause. *Id. See also In re Smith*, 829 F.3d 1276, 1280-81(11th.Cir. 2016) and *United States v. Evans*, F.3d 242, 247 (4th.Cir. 2017).

The Court notes that the *Jones* court found against the appellant-defendant on two alternative grounds. *See Jones*, 854 F.3d 737. In addition to the holding cited above, the court in *Jones* held that Section 924(c)(3)(B) was not unconstitutionally vague. *Id.* at 740. Needless to say, the Supreme Court's decision in *Davis* overrules that particular holding of the *Jones* court. Nonetheless, in this Circuit "alternative holdings are binding precedent and not *obiter dicta*." *Ramos-Portillo v. Barr*, 919 F.3d 955, 962 n.5 (5th.Cir. 2019) (citing *Whitaker v. Collier,* 862 F.3d 490, 496 n.14 (5th. Cir. 2017). Thus, the invalidation of the *Jones* court's holding on Section 924(c)(3)(B)'s

4

constitutionality has no impact on *Jones's* holding that Section 2119 carjackings are a crime of violence under the elements clause of Section 924(c)(3)(A). *See Jones*, 854 F.3d 737.

As such, Portis's position that his sentencing was based on an unconstitutionally vague statute is incorrect.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Michael Portis's *Motion to Vacate Under 28 U.S.C. 2255* **(Rec. Doc. 138)** is hereby **DENIED.**

New Orleans, Louisiana this 15th day of November, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE